RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE 12 / 5 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WALTER L. HAMPTON, JR. | DOCKET NO. 11-CV-719; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN PARISH JAIL, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Walter L. Hampton, Jr. filed the instant civil rights complaint [42 U.S.C. §1983] pro se and in forma pauperis. Plaintiff is presently incarcerated at the Caldwell Correctional Center; however, he complains of medical care and conditions of confinement at Winn Parish Jail, where he was housed as a pre-trial detainee. Petitioner named as defendants Daniel Alsup, Bodie Little, Tommy Foster, and the Winn Parish Jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff alleges that while he was a pretrial detainee at the Winn Parish Jail, he was held in a 14x24 foot cell with at least twelve other inmates, locked behind solid walls for twenty-four hours a day, seven days a week. [Doc. #4, 6] Plaintiff alleges that he was denied medical care, including dental care related to complications from three tooth extractions. [Doc. #4]

Plaintiff also alleged that he was not allowed to make phone calls to his attorney on an unmonitored phone line, and that he was

denied access to calling cards and stamps. [Doc. #6]

Finally, Plaintiff claims that he was transferred from Winn Parish Jail to Caldwell Correctional in retaliation for Plaintiff seeking assistance from the court in getting Winn Parish Jail to fill out the necessary portion of the pauper application. *He states that he faces trial in November in Winn Parish, so he may be returned to that facility in the near future*

Plaintiff seeks injunctive relief and monetary damages.

### Failure to Comply with Amend Order

Plaintiff was ordered to amend his complaint to provide the court with additional information in support of his claims. Plaintiff submitted an amended complaint, but failed to provide any of the information as ordered by the court.

### 1.   Over-crowding

First, Plaintiff was instructed to **amend to allege facts indicating that the alleged overcrowding was a punishment**, as pre-trial detainees, like Plaintiff, who are not yet convicted of the crime charged, can not be punished.  The law is clear that, absent a showing that the conditions constituted punishment under the Fourteenth Amendment, "[o]vercrowding of persons in custody is not per se unconstitutional." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004).  Plaintiff filed an amended complaint [Doc. #24], but failed to provide any factual allegations in support of his claim or responsive to the court's order.  Because no factual

2

allegations were presented indicating that the alleged over-crowding was a punishment, Plaintiff's claim should be dismissed.

## 2.   Medical Care

Regarding the denial of medical treatment, **Plaintiff was ordered to state:**

1. **when he asked for medical care for his dental issues; who he asked; and what the response was.**
2. **which facility he was in when he had his teeth pulled.**
3. **whether he received any medical care for his teeth since being transferred to Caldwell Correctional.**
4. **each individual defendant did to deny Plaintiff medical care.**

In his amended complaint, Plaintiff did not provide any information responsive to the court's order. Plaintiff claimed that he could not provide any information because Caldwell Correctional did not return his sick call forms. However, Plaintiff's claims are against Winn Parish officers, not Caldwell. Moreover, Plaintiff certainly could have stated approximate dates on which he asked for care, and he could have stated, even generally, to whom his requests were made. Plaintiff certainly knows whether he received any medical care since arriving at Caldwell. Finally, Plaintiff named specific individuals as defendants, but failed or refused to comply with the Court's order to state what each defendant did to violate his constitutional rights. Plaintiff has made only conclusory allegations of the denial of medical care. His claim should be dismissed.

### 3.    Injuries

Plaintiff was ordered to amend and state what, if any, injuries he suffered **as a result of the lack of medical care and the overcrowding.**  Plaintiff failed to address this in his amended complaint.  "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C. § 1997e(e).  Plaintiff's request for monetary damages should be dismissed.

### 4.    Injunctive Relief

Plaintiff sought injunctive relief against the Winn Parish defendants.  He is no longer incarcerated in that facility.  The transfer of an inmate from a facility renders his claim for injunctive relief moot if the possibility of the inmate being transferred back is too speculative to warrant relief.  It appeared that Plaintiff could have been transferred back to Winn Parish jail prior to his November 16, 2011 court date.  However, that date has passed, and Plaintiff is still housed in Caldwell.  The possibility of Plaintiff being transferred back to Winn Parish jail is entirely speculative.

### *Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE